S. MARTIN ROSE *et al. vs.* CHARLES P. BENNETT, Secretary of State.

PROVIDENCE—OCTOBER 20, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1)   *Political Parties.   Certificates of Nomination.   Mandamus.*

The Secretary of State in receiving certificates of nomination of political candidates acts in a ministerial capacity, and *mandamus* will lie against him.

(2)   *Political Parties.   Determination of Members.   Mandamus.*

The standing of a political party locally is determined by the whole party itself as an organized body, and the determination of the general officers of such party, upon the question of recognition of any portion as members of the party, is paramount.

MANDAMUS.   Writ granted.

(1)   PER CURIAM. The petitioners, Samuel Martin Rose and David B. Rose, ask for a writ of *mandamus* against the re-

spondent to compel him to enter their names as candidates for senator and representative, respectively, in the town of New Shoreham, as nominees of the democratic party in that town.

It appears that two nominations of this kind have been presented to the Secretary of State, each purporting to be a certificate of nomination by the democratic party in New Shoreham.

The point is taken that *mandamus* will not lie against the Secretary of State, because he must be the one to judge which is the proper certificate to be recognized.

The statute does not provide for any hearing or examination of evidence on such a question by the Secretary of State, beyond a mere inspection of the papers. We therefore think that we must regard his duties in this respect as ministerial. He has no means of determining whether one is fraudulent or irregular, and therefore he can exercise no judicial discretion upon such a question.

It is urged that, as certificates must come from a party which cast two per cent. of the total vote at the last election, a fact determinable from records in his office, he therefore acts judicially. The determination of that question, however, is not a judicial act, but simply an examination, possibly a computation, of the record. It is no more a judicial duty than is the determination of the question of time, which requires the papers to be filed twenty days before election. He may have to consult an almanac and count back the days; but this is only a ministerial duty. It has been so recognized in two cases which have been before the court where the writ was granted. *Corcoran* v. *Bennett*, 20 R. I. 6, and *Mason* v. *Bennett*, decided March 19, 1898.

(2)    The main question is which certificate should be received. The statute recognizes the existence of parties and nominations by a party. When two local caucuses claim to represent a party, the question is—what is the test of recognition? Precisely this question arose in *Mason* v. *Bennett, supra.* The court decided that the standing of a party in a town was to be determined by the whole party itself as an organized body, and where it was organized with officers of general authority

in the party for the State, the determination of such officers, as to a question of regularity or recognition, is paramount, because they represent the party as such. A party as a whole is presumed to know its parts, and a part which is not recognized by the party cannot claim to represent it. Accordingly, the recognition of the Democratic State Central Committee of a nomination in that case was held to be the nomination by the democratic party. The democratic party has repudiated the first nominations filed, and has declared that the later nominations alone are the nominations of that party.

Following the decision made more than five years ago on this point, which we see no reason to question, it follows that the petitioners are entitled to be entered as the democratic candidates for New Shoreham. It would be a most singular thing for the court to say that the first nominations should be received as those of the democratic party in that town, when the democratic party itself in its supreme assembly repudiates the claim and recognizes only the others as its nominees.

The rule recognizing the determination of superior party officers is sustained in *Matter of Fairchild*, 151 N. Y. 359; *Baker* v. *Board*, 110 Mich. 635; *Ker's Nomination*, 2 Pa. Dist. Rep. 15; *Williams* v. *Lewis, Sec'y of State* (Idaho), 54 Pac. Rep. 619; *McCoach* v. *Whipple, Sec'y of State*, 51 Pac. Rep. (Col.), 164.

The writ will issue as prayed.

*Rathbone Gardner and William H. Thornley*, for petitioners.

*Charles F. Stearns, Attorney-General, and Charles A. Wilson*, for respondent.