# WHEELING

## Kump *v.* McDonald *et al.*

Submitted June 5, 1908.   Decided June 8, 1908.

1. Mandamus— *To Political Executive Committee.*

A writ of *mandamus* will not be awarded against an executive committee of a political party while engaged in canvassing returns of a primary election held by the party for nomination of candidates for public office, to compel it to declare a person nominated, who appears to be nominated by the face of the precinct returns, and to certify his nomination to the clerk of the circuit court, when the committee has allowed an opposing candidate a recount of the ballots, and has not yet made such recount, and has not yet declared the result of the election.   (p. 364.)

Petition by H. G. Kump for a writ of *mandamus* to Floyd McDonald and others.

*Writ Refused.*

C. H. Scott, S. T. Spears and Talbott & Hoover, for petitioner.

Jared L. Wamsley and Taylor & Allen, for respondents.

BRANNON, JUDGE:

H. G. Kump and James Coberly were competing candidates for nomination for the prosecuting attorneyship of Randolph county at a primary election held by the democratic party, 25th April, 1908, and the certificates of returns sent to the party executive committee from the voting precincts were canvassed by the committee, and it appearing from such certificates that a majority was for Kump, Coberly demanded a recount of the ballots of voters, which recount was resisted by Kump, he claiming that such committee could not allow a recount, and he demanded that the committee declare him nominated as the nominated democratic candidate at the regular election for said office, and certify him as such to the clerk of the circuit court for position on the official election ballot; but the committee refused to do so in advance of the recount. Kump now asks that this Court by *mandamns* compel the chairman and secretary of the executive committee to certify him as the nominated candidate to the clerk of the circuit court for a place on the ballots to be used at the regular legal election.

To grant the *mandamus* this Court would assume the functions of an executive committee of a political party in the process and steps of ascertaining the result of a nominating primary election. Something against such exercise of jurisdiction by this Court is said in the *Marcum Case*, 42 W. Va. 263, 272. We do not deal with the question of the power of the courts to compel the chairman and the secretary of a political party's executive committee to certify a nomination after it has been made and duly declared, nothing remaining to be done but such certification, as provided in chapter 89, acts 1889, found in the edition of the Code published in 1906, section 35, chapter 3, because no final ascertainment of the result of the election or declaration of it has yet been made. The primary election for ascertainment of the nomination is yet going on, in a measure, in the sense that everything to be done in connection with it has not been done; a vital part, canvassing it, ascertaining and declaring its result, has not been finally done. The committe has declared its unwillingness to declare the result on the certificates, and has determined, right or wrong, to review the election by recounting ballots as a means or process of finding the

result. The work of ascertaining the result is yet *in fieri*, that is, going on. This Court is asked to step in when the proceedings by the committee are in progress, *in mudias res*, and pronounce that a political party, by its committee, is erring in the act of determining the result of the primary, that it has erred in allowing a recount, and must accept the precinct certificates as final, in denial of a candidate's demand for a recount; we are asked to make a *mandamus* a writ of error before final judgment. No such jurisdiction can be assumed by a court without statute authority. Our statute law does not provide in full by detailed regulation for primary elections. It does recognize them for limited purposes. It does accredit one nominated at a primary, when duly so declared as entitled to go on the official election ballot; but it does not rule and regulate the conduct of the election, or the mode and manner of finding its result. In most respects the primary and its procedure, down to the declaration of result, is left to political parties, as chapter 3 of the Code in the edition of 1906, will manifest in its various provisions. The courts can act on the doings of political parties only so far as statutes allow. Further than this they are unknown to the courts as legal bodies or entities. The Code recognizes political parties and their committees as competent and necessary for certain purposes as to elections; but it does not control their mere proceedings and their methods, in ascertaining nominations. The courts can not go further in these political matters than statute allows. If we grant this *mandamus*, it is hardly going too far to say, that this Court becomes an executive committee of a political party, because it would reverse the action of the committee in question as erroneous, and supervise and control its mere steps or manner of action in the process of ascertaining and declaring the result of a primary.

Much authority upholds this position. Matter of *Fairchild*, 151 N. Y. 359, holds that when questions of procedure in political conventions, or the regularity of committees "which are not regulated by law, but by party usages and customs," the courts will not interfere with their proceedings or determinations.

"In the absence of any statute giving them jurisdiction, the courts have no power to interefere with the judgments of

the committees and tribunals of established political parties in matters involving party government and discipline. It is much more proper that questions which relate to the regularity of conventions or nominations of candidates and the constitution of committees should be determined by the regularly constituted party authorities than to have every question relating to caucus, convention or nomination determined by the courts, and thus in effect compel them to make party nominations and regulate the details of party procedure, instead of having them controlled by party authorities." 15 Cyc. 330.

"Unless it is expressly made so, a general election law is not applicable to primary elections, which are merely creations of political parties and associations, and may be held at such times and places and on such terms and conditions as may seem fit. But the legislature may recognize the existence of political parties, and within reasonable limits regulate the means by which partisan efforts shall be protected in exercising individual preferences for candidates and this is the general purpose of primary election laws which are designed to secure to individual voters a free expression of their will." 15 Cyc. 332.

The case does not require us to say what are the powers of such committee as to allowing a recount.

We refuse the *mandamus.*

*Writ Refused.*