In the Matter of the Application of JOHN S. THORP, as County Chairman of the Democratic Party for the County of Nassau, to Restrain the Use of the Name of the Democratic Party and the Emblem of the Democratic Party in the Village Election of the Village of East Rockaway on March 20, 1934, and for Such Other, Further and Different Relief as to the Court May Seem Just, Pursuant to Section 330 of the Election Law.

Supreme Court, Nassau County, March 8, 1934.

*Ethel M. Oats*, for the petitioner.

*Norman F. Lent*, for Guy Thompson, village clerk of East Rockaway.

*Wright & Wright [Harrison Wright* of counsel], for Walter A. Ward and another, candidates.

BONYNGE, J. Under the provisions of subdivision 5 of section 131 of the Election Law there are two permissible methods for nominating party candidates for village offices. The first of these is pursuant to a rule of the county committee. Concededly the

Democratic county committee has no such rule. The second is "in accordance with the existing practice in the county." The affidavits of Messrs. Rainey and Haber satisfactorily establish the existence of such a practice and make it abundantly clear that the East Rockaway nominations were not made in conformity with it. From this it follows that the nominations can only be upheld as the product of a party caucus lawfully held in the village pursuant to section 143 of the Election Law. That section provides that notice of such a caucus shall be given "by the proper party authorities." The quoted phrase is sufficiently elastic to cover a wide range of party spokesmen. Does it mean the county chairman? Possibly not him alone, since the use of the plural "authorities" imports more than a single individual; but at all events he neither sanctioned nor called the caucus and now strongly challenges its attempted action. From other provisions of the Election Law it seems more probable that the Legislature had in mind either the county committee or the members of that committee resident in the particular village where the caucus is to be held. There are eight such committeemen in the village of East Rockaway, and at a meeting held several months ago they decided, by a vote of five to three, that no party nominations should be made for the forthcoming village election. Thereupon two of the minority issued and published a notice summoning a caucus. By no stretch of the imagination or the law can these two outvoted committeemen be permitted to masquerade as "the proper party authorities." The principle of majority rule is fundamental, and if the present committeemen are not responsive to the will of their constituents the remedy is to supplant them at the next opportunity. The admonition of the Court of Appeals in *Matter of Fairchild* (151 N. Y. 359), that questions relating to the regularity of party meetings and the nominations of candidates "should be determined by the regularly constituted party authorities," is singularly apt here, and should not go unheeded.

The misgivings of the village clerk regarding the possible filing of independent nominating petitions containing the word "Democratic" or some variant thereof are sufficiently answered by section 137 of the Election Law. The spirit of the present decision cannot be circumvented by any illegal appropriation or use of the party name or emblem.

Application granted. No costs.