In the Matter of JAMES E. SCULLY, Respondent, *v.* JOHN P. LOMENZO, as Secretary of State of the State of New York, et al., Respondents; EDWARD S. CONWAY et al., Appellants.

Fourth Department, June 30, 1966.

*John Tabner* for appellants.

*Con Cholakis* for respondents.

*Elmer M. Rasmussin* for Rensselaer County Board of Elections, respondent.

*John J. Clyne* for Albany County Board of Elections, respondent.

*Herbert H. Smith* for Secretary of State, respondent.

*Per Curiam.* We are called upon to construe certain provisions of section 132 of the Election Law insofar as they are applicable to the election of delegates and alternate delegates to a judicial convention. This section prior to January 1, 1965 provided that such delegates should be elected from assembly districts.

The problem before us was created by the enactment of the so-called Reapportionment Compliance Act (L. 1964, ch. 976) the primary purpose of which was stated to be (§ 15) to insure an orderly election of members of the Legislature in 1965 pursuant to order of the Federal court. This enactment, of course, for the first time in the history of the State departed from the traditional formation of assembly districts which had followed county boundary lines.

Similarly, delegates to State and judicial conventions had been elected from assembly districts. Section 7 of the 1964 enactment attempted to provide for this changed condition by certain amendments to section 132 of the Election Law. Delegates to a State convention pursuant to the amended statute are elected from each assembly district '' wholly within a county, and from that portion of an assembly district partially within such county ''. As to judicial conventions the Legislature recognized that a portion of an assembly district could conceivably be in one judicial district and the remainder in another. It was first mandated that delegates to such a convention should be elected (1) from each assembly district wholly within a judicial district, and (2) from that portion of an assembly district partially within a judicial district.

The Legislature next recognized that parts of an assembly district might be found on occasion in two counties. To cover this contingency the third sentence of subdivision 1 of the section was amended to provide, subject to a stated formula here immaterial, that " [t]he number of delegates and alternates, if any, from each assembly district, *or appropriate portion thereof*, shall be determined by party rules " (emphasis supplied).

We conclude that this evinced a legislative intent to vest in a political party the right to make appropriate rules not only as to the number of such delegates (subject to the stated limitations) but also to determine the allocation thereof to an entire assembly district (if contained in one county) or to the " appropriate portion thereof " if such a district is spread across the boundary lines of two counties.

We are here concerned with delegates to the Republican Judicial Convention in the Third Judicial District and particularly the 102d Assembly District therein. This district is made up of the City of Rensselaer in Rensselaer County, and a portion of Albany County consisting of one town and a described geographical area of the City of Albany. The record before us discloses that there are approximately 750 enrolled Republicans in the portion of the district in Rensselaer County and approximately 10,000 enrolled Republicans in that part of the district in Albany County.

To meet this situation created by the redrawing of assembly district lines, the Republican State Committee on May 2, 1966 adopted a set of rules. Rule 19 thereof provided for the basis of representation in judicial conventions in the 11 judicial districts. It was further provided that in the Third Judicial District " [e]ach Assembly District or appropriate portion thereof elects one delegate and an additional delegate for each 4000 votes or major fraction thereof, cast in such district for the Republican candidate for Governor at the last Gubernatorial election ". Lastly, the rule provided as to all 11 districts that delegates to judicial conventions " shall be elected from counties or portions of counties in all cases where Assembly Districts are not wholly contained within a county."

There is no dispute that the implementation of this rule resulted in the allocation to the 102d Assembly District of 9 delegates and 9 alternates. The further implementation of the rule would normally have allocated to the City of Rensselaer two delegates and two alternates — one for the unit of representation and one for a major fraction of votes cast (2,403) therein in 1962 for the Republican candidate for Governor. Petitions for such number of delegates and alternates were filed.

The unit of representation in Albany County, however, filed petitions naming 9 delegates and 9 alternates.

It is the contention of petitioner — and so Special Term held — that the two delegates and two alternates were to be voted on by qualified enrolled Republican voters in the City of Rensselaer while the 7 delegates and 7 alternates of the designated 9 in each category in Albany County receiving the highest number of votes should be the remaining delegates and alternates. These latter 18 individuals, as appellants, take the position that there was only one unit of representation — the assembly district — and that the 22 candidates (18 from Albany County and 4 from Rensselaer County) should have been voted for as a group throughout the assembly district with the 18 (9 delegates and 9 alternates) receiving the highest number of votes being those duly elected. This argument insofar as it relates to the number of delegates and alternates is obviously fallacious. If the City of Rensselaer is not a separate unit of representation the assembly district would receive only one delegate and one alternate as a unit of representation plus such number as would be produced by dividing the total number of votes cast for the Republican candidate for Governor in 1962 — a figure that is not in the record — by 4,000 (the formula set forth in the rules).

It is clear to us that the 1964 amendment of section 132 created, as to judicial conventions, three different units of representation: (1) an assembly district wholly within a judicial district; (2) the portion of such a district partially within a judicial district; and (3) an '' appropriate portion '' of an assembly district within a judicial district. There was then delegated to the respective parties the rule-making power to determine the number of delegates and alternates (subject to a stated limitation) to be elected '' from each assembly district, or appropriate portion thereof ''.

It has been heretofore stated that the enrolled Republican voters in the City of Rensselaer represent less than 10% of such voters in the entire assembly district. Thus, it becomes obvious that the practical effect of the construction urged by appellants would result in those voters in Rensselaer County having little or no voice in the selection of delegates and alternates. The statutory scheme is to the contrary and in effect prevents such a disenfranchisement of a group of voters.

The grant of such power appears to be in accord with the principle that it is '' more proper that questions which relate to the regularity of conventions, to the nomination of candidates, and the constitution of committees should be determined by the regularly constituted party authorities, than to have every

question relating to a caucus, convention or nomination determined by the courts, and thus, in effect, compel them to make party nominations and regulate the details of party procedure instead of having them controlled by party authorities." (*Matter of Fairchild,* 151 N. Y. 359, 366.)

Finally, respondents contend that the issues have become moot by reason of the fact that this appeal was argued the day after the primary election. Because of a series of events, unnecessary to detail, this proceeding was not commenced until June 22 — 6 days before the primary election — and was decided by Special Term the day before such election. The rule is that an appellate court may decide an appeal if it involves questions of public interest even though it has become moot so far as the parties are concerned. (*Matter of Fairchild, supra,* p. 361; Ann. 132 A. L. R. 1185.) "Although in one sense academic, such considerations have moved both this court [citing case] and the Court of Appeals [citing case] to consider and determine cases involving the election laws, although the immediate necessity therefor has passed away." (*Matter of Morgan,* 114 App. Div. 45, 49-50.) Moreover, the possibility exists that if we had concluded that appellants were correct in their contentions a new primary election might have been ordered (cf. Election Law, § 330, subds. 2 and 3).

The order should be affirmed.

MARSH, J. (dissenting). Section 132 of the Election Law can reasonably be construed only as designating each assembly district wholly within a judicial district and the portion of an assembly district partially within a judicial district as the unit of representation from which the delegates to a judicial convention are to be elected. and clearly gives no authorization to a party committee to divide and fragment an assembly district wholly within a judicial district for the purpose of designating delegates and alternates. Unlike the provisions of the statute applicable to the election of delegates and alternates to a State convention, no provision is made for the election of delegates to judicial conventions from a portion of an assembly district unless such assembly district is partially outside the judicial district.

To deny the right of qualified voters of an assembly district to vote for all the delegates and alternates to be elected from that assembly district is a clear violation of the scheme of representation provided by the applicable provisions of section 132.

In enacting rule 19 the New York Republican State Committee exceeded the authority of the statute and acted in contravention of its specific provisions which designated the assembly district as the unit of representation. The rule cannot be given the effect of restricting the vote of residents of the 102d Assembly District to only such delegates and alternates as may be apportioned a particular portion of the district of which they may be resident.

It is significant that when originally proposing changes in the State committee rules, including the enactment of rule 19 in April, 1966, the State chairman referred to "enabling legislation which must be passed to allow us to promulgate these rules". Counsel to the State committee also stated that as a requisite to the enactment of the rule " the Legislature must pass a law enabling the State Committee by its rules to fix appropriate units of representation, because the assembly districts in many cases now run across county lines ". A bill containing such authorization was introduced thereafter in the Senate (Intro. No. 1420) but thus far has not been enacted into law.

The order should be reversed and the Boards of Election of Rensselaer County and Albany County directed to hold a special primary election in the 102d Assembly District to determine which delegates and which alternates of those 22 who have duly filed designating petitions in the Secretary of State's office will represent the whole assembly district at the Third Judicial District convention of the Republican party.

BASTOW, J. P., GOLDMAN, HENRY and DEL VECCHIO, JJ., concur in *Per Curiam* opinion; MARSH, J., dissents and votes to reverse in separate opinion.

Order affirmed, without costs of this appeal to any party.