May Term,
1841.

THE STATE, on the Relation of NAYLOR and Another, v.
HARDING and Others.

THE STATE
v.
HARDING.

In a suit by the state on the relation of *A.*, on a single bond for the payment
of money to the state, it is not necessary that the declaration should show
the relator to be beneficially interested in the suit.

In a suit in the Circuit Court on the bond of a justice of the peace, for not
paying over money collected, &c., the declaration need not aver, (as the
statute requires in some other cases against a justice,) that the money had
been demanded at the office or residence of the justice,—an averment of a
demand on him personally, before the commencement of the suit, being
sufficient.

*Tuesday,*
*May 25.*

ERROR to the *Hendricks* Circuit Court.

BLACKFORD, J.—This was an action of debt in which the
plaintiff in error was the plaintiff below. The declaration
contains three counts. The first is founded on a bond in the
usual form for 1,500 dollars, payable to the state of *Indiana*
on demand, and avers that the money has not been paid.
The second count is substantially the same with the first.
The defendants craved and obtained *oyer* of the bond de-
scribed in these counts, and demurred to them. The cause
of demurrer assigned is, that the counts do not show that the
relators, *Naylor* and *Miller*, are interested in the suit.

The third count is on a bond for 1,500 dollars, payable to
the state of *Indiana*, conditioned that the defendant, *Harding*,
should faithfully discharge his duties as a justice of the peace,
and pay over, on demand, all moneys that should come to his
hands, &c. Breach, that the justice received from the rela-
tors certain notes and accounts against certain persons for
collection; that he collected from those persons, upon and by
virtue of said notes and accounts, the sum of 564 dollars;
that he resigned his office without paying, &c.; that after his
resignation, the money was demanded of him by the relators'
agent in 1838, and in *June*, 1840; that he, *Harding*, had no
office at which the money could be demanded; that the de-
fendants, though often requested, have not, nor has either of
them, paid, &c. The defendants obtained *oyer* of the bond
and condition described in the third count, and demurred to
that count. The cause of demurrer assigned is, that there is
no averment that the money was demanded at the residence

of *Harding*, nor any excuse given for not making such demand.

The demurrers to the three counts were sustained, and judgment rendered for the defendants.

The objection to the first and second counts is insufficient. The bond, as shown on *oyer*, is correctly described in these counts. They are founded on a single bond for the payment of money to the state. It could not, therefore, be material to the validity of these counts, that they should show the relators to be beneficially interested in the suit.

The objection to the third count is also untenable. The defendant here relies on the statute, which enacts that if a justice of the peace fail to pay, &c., on demand at his office or residence, a judgment may be obtained in a summary way against him for the amount collected, with ten *per cent.* damages, and without any stay of execution, upon complaint made before another justice. R. S. 1838, p. 377. This statute is penal in its character, and must be limited to the cases to which it is strictly applicable. We do not think it has any relation to suits against a justice for money collected, commenced, like the one before us, in the Circuit Court, on the official bond of the justice. In such a suit, as in a suit against an attorney for money collected for his client, an averment that a personal demand of the money was made before the commencement of the suit, is sufficient. The statute referred to does not affect the cause before us, either as to the facts essential to its support, or as to the amount to be recovered; and the objection to the third count, therefore, should have been overruled.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. C. Nave*, for the plaintiff.

*W. J. Peaslee*, for the defendants.