STATE OF INDIANA, EX REL. YOUNG *v.* WEBER, CLERK.

[No. 22,403.   Filed October 31, 1913.]

1. MANDAMUS.—*Scope of Remedy.—Claim to Office.—Quo Warranto.*—A writ of mandamus cannot rightfully be invoked to settle a doubtful claim to an office, or to have the title to an office adjudicated as between adverse claimants, but the proper remedy is by proceeding in *quo warranto*, so that a demurrer was properly sustained to the complaint in an action to mandate a city clerk to appoint relator as a primary election commissioner, where relator's right to be appointed was denied.   p. 357.

From Superior Court of Vanderburgh County; *Fred M. Hostetter,* Judge.

Action by the State of Indiana, on the relation of John F. Young, against Harvey C. Weber, as clerk of the City of Evansville.   From a judgment for defendant, the relator appeals.   *Affirmed.*

*Bohannon, Harmon & Seacat* and *Robinson & Stilwell,* for appellant.

*Philip C. Gould, George A. Cunningham* and *Daniel H. Ortmeyer,* for appellee.

ERWIN, J.—This was an action by relator, in mandamus to compel appellee, the clerk of the city of Evansville, to appoint appellant primary election commissioner, as the nominee of the chairman of the Progressive party of the city of Evansville.

It is alleged in the complaint that before the bringing of this suit that he, relator, demanded of the appellee that he, relator, be appointed, but appellee notified this relator that he did not intend to recognize the nominee of the Progressive party, but that he, appellee, had appointed the persons nominated by the chairmen of the Republican and Democratic parties.   Then follows prayer for mandamus

to compel the appellee to appoint the relator to said office of primary election commissioner for said city.

To this complaint for mandamus the appellee filed a demurrer for want of facts to constitute a cause of action, which demurrer was by the court sustained.

The only error assigned in this cause is the court erred in sustaining the demurrer of the appellee to the complaint of the appellant.

We are of the opinion that no error was committed by the trial court, for the reason that such a writ cannot rightfully be invoked to settle a doubtful claim to an office, or to have the title to an office adjudicated as between adverse claimants. The proper action, if he have any claim to the office in question, would be a proceeding in *quo warranto.* *Hoy* v. *State, ex rel.* (1907), 168 Ind. 506, 81 N. E. 509, 11 Ann. Cas. 944, and cases there cited.

Judgment affirmed.

Note.—Reported in 102 N. E. 961. See, also, 26 Cyc. 255. For a discussion of mandamus as a remedy to restore a party to office, see 12 Ann. Cas. 14; Ann. Cas. 1912 A 930.