## STATE OF INDIANA, EX REL. THOMPSON ET AL. *v.* WHEATON ET AL., BOARD OF ELECTION COMMISSIONERS.

[Nos. 24,239, 24,240.   Filed March 27, 1923.]

1. EVIDENCE.—*Judicial Notice.—Laws.—United States Census. —Pleading.—Statutes.*—The courts have judicial knowledge of the laws and the United States census, and under §383 Burns 1914, §374 R. S. 1881, such matters need not be pleaded.   p. 34.

2. EVIDENCE.—*Judicial Notice.—Proceedings of County Board of Commissioners.*—Courts do not have judicial knowledge of any action of the board of commissioners of a county fixing the number of justices of the peace in a township, nor whether it ever took any action therein, and cannot judicially know, in the absence of averment and proof, that any specified number was fixed by an order of the board for a township.   p. 34.

3. MANDAMUS.—*Right to Writ.—Placing Names on Ballot as Candidates.— Complaint.— Sufficiency.—* Even though §1700a Burns' Supp. 1921, Acts 1921 p. 136, providing for but one justice of the peace in a township in which is situated any city of the second class or the greater part of any such city and which is not a county seat, be disregarded, mandamus will not lie to compel the board of election commissioners of a county to place more than one name on each official ballot as a candidate for justice of the peace in a given township, in the absence of any showing in the complaint that the county board of commissioners had fixed the number of justices of the peace at more than one for such township.   p. 34.

4. MANDAMUS.—*Right to Writ.—Compelling Action by Ministerial Officer in Violation of Statute.*—Mandamus will not lie against a ministerial officer to compel action in direct violation and disregard of a statute on the ground that it is unconstitutional, where his acts would affect the rights of persons not parties to the suit, and the validity or invalidity of the statute has not been judicially determined in an action to which any persons were parties whose interest would prompt them to uphold it, if it could be shown to be constitutional.   p. 35.

5. MANDAMUS.—*Right to Writ.—Compelling Action by Ministerial Officer.— Disputed Questions of Law.—* Where private rights depend upon the decision of a disputed question of law or fact, such question must be determined in an adversary proceeding to which the persons claiming such rights are made

State, ex rel., *v.* Wheaton—193 Ind. 30.

parties before a ministerial officer can be mandated to act therein contrary to his own decision of the disputed question. p. 35.

6. CONSTITUTIONAL LAW. — *Constitutional Questions.* — *Avoidance.*—The court on appeal will not pass on the constitutionality of a statute unless such action is necessary in order to make a final disposition of an appeal. p. 36.

7. APPEAL.—*Review.*—*Moot Questions.*—*Dismissal.*—Where only moot questions not of great public interest or affecting the public generally are involved on appeal, the appeal will be dismissed. p. 36.

From Porter Superior Court; *Harry L. Crumpacker,* Judge.

Separate suits by the State of Indiana, on the relation of Robert G. Thompson and another, against Herbert L. Wheaton and others, Board of Election Commissioners of Lake County. From a judgment for defendants, the relators appeal. *Appeal dismissed.*

*William J. Whinery* and *George P. Rose,* for appellants.

*William H. Matthew* and *Bomberger, Peters & Morthland,* for appellees.

EWBANK, J.—The State of Indiana on relation of a resident voter and tax payer of North township, in Lake county, Indiana, brought an action against the appellees, as constituting the county board of election commissioners, to compel them, by mandamus, to place the names of six designated persons upon the official ballot to be voted in said township at the election held November 7, 1922, as candidates for the office of justice of the peace of that township. A like suit was also brought on the relation of a resident voter and tax payer of Calumet township against the members of said board to compel them, by mandamus, to place the names of four designated persons on the official ballot as candidates in that township. A demurrer for want of facts to constitute a cause of action was sustained to the com-

plaint in each case, and judgment was entered thereon against the plaintiff for costs.

Each plaintiff excepted to the ruling against him, and perfected an appeal. The two appeals were argued together, and as the questions for decision in both are the same, they will be disposed of by one opinion. The city of Hammond is in North township and the city of Gary is in Calumet township.

Each of these is a city of the second class, as shown by the last census (Acts 1915 p. 126, §8643c Burns' Supp. 1921), but neither of them is the county seat of government, that being at Crown Point. There were also two other cities and two incorporated towns in North township, and one incorporated town in Calumet township. The Constitution of Indiana provides that, "A competent number of justices of the peace shall be elected by the voters in each township," who "shall continue in office four years," and whose "powers and duties shall be prescribed by law." Art. 7, §14 Constitution.

Statutes have been in force for many years providing that—"the number of justices of the peace in each township shall be regulated by the board of county commissioners of the county, by proper order of record." §1700 Burns 1914, Acts 1913 p. 834.

But the number shall not exceed two for each township, with one additional for each incorporated town and each incorporated city in the township, not exceeding five in any township containing a city of 100,000 inhabitants. §1700 Burns 1914, *supra*.

However, no statute ever undertook to declare what was the least number at which the justices of the peace in any township might be fixed by an order of the board of commissioners, and the only limitation on the power of the board to reduce the number was the constitutional provision that a "competent number" shall be elected

in each township, until the passage of the act hereinafter set out.

In 1921 an act was passed by the legislature and approved by the Governor, which provides as follows: "Hereafter there shall be only one justice of the peace in each and every township in this state in which there is situated any city of the second class, or the greater part of any such city of the second class and which is not a county seat. Such justice of the peace is hereby authorized to appoint one constable and one deputy constable for such township who shall serve at the pleasure of such justice of the peace: *Provided,* that the justices of the peace and constables now in office in any such township shall continue to serve for the term for which they shall have been elected." §1700a Burns' Supp. 1921, Acts 1921 p. 136.

At the primary election, on May 2, 1922, the board of election commissioners of Lake county (the appellees) prepared ballots for North township and for Calumet township, respectively, which contained the names of certain persons seeking nomination for the office of justice of the peace, with the direction to the voters to "vote for one only." One candidate in each township received more votes than his rivals, and the appellees, as such board, planned to print on the official ballot for each township only the name of the one candidate who received the highest number of votes at the primary. Only four persons were candidates for the nomination in North township, each of whom received some votes at the primary, and out of sixteen candidates in Calumet township six received more votes than their competitors. But demands upon appellees, as such board, by the relator who is a voter and taxpayer of North township, that they print four names on the ballot to be voted at the November election in that township, and by the re-

lator in the other suit that they print six names on the ballot for Calumet township, were refused.

The complaint in each case proceeded on the theory that the act of 1921 (Acts 1921 p. 136, *supra*) above set out is unconstitutional. Each alleged all of the facts stated above, except those which are known to the courts without being pleaded. The courts have judicial knowledge of the laws and the census without direct allegations as to those matters. *State, ex rel., v. Wheeler* (1909), 172 Ind. 578, 582, 89 N. E. 1, 19 Ann. Cas. 834; *City of Huntington* v. *Cast* (1898), 149 Ind. 255, 258, 48 N. E. 1025; §383 Burns 1914, §374 R. S. 1881; Ewbank's Manual (2d ed.) §123. But they cannot have judicial knowledge of any action of the board of commissioners of Lake county fixing the number of justices of the peace in North township or Calumet township, nor whether it ever took any action at all, and cannot judicially know, in the absence of averment or proof, that any specified number was fixed by an order of the board for each or either township. *Buckinghouse* v. *Gregg* (1862), 19 Ind. 401; *Bragg* v. *Board, etc.* (1870), 34 Ind. 405, 410; *Grusenmeyer* v. *City of Logansport* (1881), 76 Ind. 549, 552. Neither complaint states any facts from which the court could know that the board of commissioners had fixed the number of justices of the peace at more than one for either of these townships, even if the act of 1921 (Acts 1921 p. 136, *supra*), above set out, were to be disregarded. In the absence of such a showing, mandamus would not lie to compel the appellees to place more than one name on each official ballot, under the other statutes, even if the act of 1921 (Acts 1921 p. 136, *supra*), had not been passed.

Besides, this court has held that mandamus will not lie against a ministerial officer to compel action on his part in direct violation and disregard of a statute on

the ground that it is unconstitutional, where
4, 5. his acts would affect the rights of persons not
parties to the suit, and the validity or invalidity of
the statute has never been judicially determined in an
action to which any persons were parties whose inter-
est would prompt them to uphold it, if it could be shown
to be constitutional.   Where private rights depend upon
the decision of a disputed question of law or fact, such
question must be determined in an adversary proceed-
ing to which the persons claiming such rights are made
parties, before a ministerial officer, who may have no
interest in the matter except a desire to do his duty,
can be mandated to act therein contrary to his own de-
cision of the disputed question.   *State, ex rel.,* v. *Win-
terrowd* (1910), 174 Ind. 592, 596, 597, 91 N. E. 956,
30 L. R. A. (N. S.) 886; *State, ex rel.,* v. *Scheiman*
(1913), 179 Ind. 502, 504, 101 N. E. 713; *Paddock,
Mayor,* v. *State, ex rel.* (1916), 185 Ind. 650, 114 N. E.
217; *State, ex rel.,* v. *Weber* (1913), 180 Ind. 356, 102 N.
E. 961.   It follows that neither complaint alleged such
facts as to require a decision of the constitutionality of
said act of 1921 in order to determine whether or not it
states a cause of action.

The question arises whether these appeals ought to be
dismissed, as relating only to printing the names of can-
didates on ballots to be voted at an election which was
held months ago, within fourteen days after the appeals
were perfected and before they were submitted, being
only forty-seven days after the actions were first com-
menced in the trial court; the briefs of appellee and the
reply briefs of appellants having been filed and the oral
argument heard some weeks after the election.   *Riley*
v. *Bell* (1915), 184 Ind. 110, 109 N. E. 843; *State, ex
rel.,* v. *Board, etc.* (1916), 185 Ind. 238, 113 N. E. 754.

Appellants insist that the appeals should be enter-
tained for the purpose of deciding the constitutionality

of the act of 1921 (Acts 1921 p. 136, *supra*) as
being an important public question that has not
become moot, and cite authorities, including the
following: *In re Fairchild* (1897), 151 N. Y. 359, 45
N. E. 943; *People, ex rel.,* v. *Martin* (1894), 142 N. Y.
228, 36 N. E. 885, 40 Am. St. 592; *In re Cuddeback*
(1896), 3 App. Div. 103, 39 N. Y. Supp. 388, 392; *People, ex rel.,* v. *Doe* (1905), 109 App. Div. 670, 96 N. Y.
Supp. 389; *U. S.* v. *Trans-Missouri, etc., Assn.* (1896),
166 U. S. 290, 17 Sup. Ct. 540, 41 L. Ed. 1007; *Parker, Clerk,* v. *State, ex rel.* (1892), 132 Ind. 419, 31 N. E.
1114. However, we have shown that the complaints in
the cases at bar were not so drawn as to require a decision of any constitutional question, in order to decide
upon their merits the questions raised by the demurrers
to such complaints. It is an established rule of judicial
action not to pass on the constitutionality of a statute
unless it is necessary in order to make final disposition
of the appeal. *Grand Lodge, etc., Trainmen* v. *Clark*
(1920), 189 Ind. 373, 381, 127 N. E. 280, 18 A. L. R.
1190; *State, ex rel.,* v. *McCormack* (1916), 185 Ind. 302,
303, 113 N. E. 1001; *School City* v. *Harrison School
Twp.* (1916), 184 Ind. 742, 745, 112 N. E. 541; *Poer,
Trustee,* v. *State, ex rel.* (1918), 188 Ind. 55, 60, 121 N.
E. 83.

No constitutional question being presented by the
facts alleged in the complaints to which demurrers were
sustained, it is not necessary to consider, and we
do not decide, whether or not appeals ought to be
entertained after the election is over for the purpose of deciding such a question, if one were presented.
Only moot questions not of great public interest or affecting the public generally are involved, and these appeals should be dismissed. *Keller, Mayor,* v. *Rewers*
(1921), 189 Ind. 339, 341, 127 N. E. 149.

Appeals dismissed.