STATE, EX REL. CLIFTON ET AL. *v.* SCHORTEMEIER, SECRETARY OF STATE.

[No. 25,170. Filed April 13, 1926. Rehearing denied May 18, 1926.]

1. MANDAMUS.—*Writs of mandate in the circuit and superior courts have been abolished, and causes of action heretofore remedial by such writs are now prosecuted as ordinary civil actions in the name of the state on the relation of the party, in interest.*—Writs of mandate in the circuit and superior courts have been abolished, and causes of action heretofore remedial by means of such writs may now be enforced by complaint and summons in the name of the state on the relation of the party in interest as other civil actions. p. 673.

2. MANDAMUS.—*Action of mandate will not lie against ministerial officer to compel action in violation of statute, on the ground that it is unconstitutional, when his acts will affect the rights of persons not parties and validity of statute has not been determined in action between interested persons.*— An action of mandate will not lie against a ministerial officer to compel action in direct violation of a statute, on the ground that it is unconstitutional, where his acts would affect the rights of persons not parties to the suit, and the validity of the statute has not been judicially determined in an action to which any persons were parties whose interest would prompt them to uphold it. p. 673.

3. MANDAMUS.—*Public ministerial officer cannot be mandated to act contrary to his decision that statute relevant to the*

*duties of his office is valid until validity of the statute has been determined in action to which persons claiming rights thereunder are parties.*—Where private rights depend on the decision of a disputed question of law, as to which a public ministerial officer called on to act in reference thereto has made a decision, supported by the express provisions of an act of the legislature, a judicial determination of the question in an action to which the persons claiming such rights are parties is a condition precedent to an action to mandate such ministerial officer to act contrary to his decision that the statute is valid and that his official duty requires him to obey it. p. 673.

From the Marion Circuit Court (39,743); *Fred C. Gause,* Special Judge.

Action of mandate on the relation of James A. Clifton and another against Frederick E. Schortemeier, secretary of state. From a judgment for defendant, the relators appeal. *Affirmed.*

*Norman E. Patrick,* for appellants.

*Arthur L. Gilliom,* Attorney-General and *Connor Ross,* Assistant Attorney-General, for appellee.

EWBANK, C. J.—The relators sought a writ of mandamus directing the secretary of state to receive and file a declaration of candidacy of each relator for the nomination for judge of the seventy-third judicial circuit (Fayette county) at the approaching primary election. A demurrer was sustained to the complaint, and sustaining it is the only error assigned. In substance, the complaint alleged that the defendant is the secretary of state of the State of Indiana, and that each relator, by reason of certain alleged facts, is qualified to serve as judge of said judicial circuit; that by reason of other alleged facts, each is qualified to be a candidate at the primary election for nomination on the Democratic ticket for said office of judge; that in November, 1920, Honorable Ralph Himelick was duly elected and commissioned to serve as judge of the circuit court in said judicial circuit for six years from October 26, 1922,

and on the latter date, having duly qualified, he entered upon the duties of his office; that each relator presented and offered to file in the office of the defendant, the secretary of state, a proper declaration of his candidacy for the nomination as Democratic candidate for judge of the circuit court in said judicial circuit, at a time stated, being the time provided by law for filing such notices with reference to the approaching primary election; but that said defendant, as such secretary of state, refused to receive the declarations and to note that they were filed, and now refuses, and declares his purpose to refuse, to include either of said names in the certified list containing the names and post-office addresses of persons for whom declarations of candidacy for nominations to be made at the primary have been filed, which he is preparing to transmit to the clerk of the circuit court of Fayette county, in said circuit.

The question propounded for decision is whether or not a judge of the circuit court in the seventy-third judicial circuit is to be elected at the general election in November, 1926, under the provisions of §§1374, 7441 Burns 1926, chs. 24, 47, Acts (Spec. Sess.) 1881 pp. 102, 482, or whether ch. 105, Acts 1925 p. 278, has the effect to postpone the time of electing a successor to the present incumbent until the general election in 1928. The act provides, "that the term of office of every person hereafter elected judge of the Appellate Court of Indiana, or of any circuit, superior, probate, criminal, or juvenile court of Indiana, shall begin on the first day of January next succeeding his election. The term of office of all persons who have been elected or appointed to any such judgeship shall expire on December 31, next succeeding the election of their respective successors; provided, however, that the election of the successors of those judges now in office

whose commissions expire in October of any given year shall be held in November at the general election next occurring after the expiration of such present commission, and that the terms of such successors of judges holding such commissions shall begin the first day of January next succeeding such election." §1811 Burns 1926, ch. 105, Acts 1925 p. 278.

The alleged refusal of the defendant secretary of state to file the declarations of candidacy of the relators and to certify their names as candidates for the nomination for judge of the circuit court at the approaching primary was in direct obedience to the provisions, "that the election of the successors of those judges now in office whose commissions expire in October of any given year shall be held in November at the general election next occurring after the expiration of such present commission." Under the facts alleged, the period for which the present incumbent is entitled to hold his office in any event will not expire until October 25, 1928, less than two weeks before the general election in November of that year. But relators insist that the act of 1925 is unconstitutional for a number of reasons. With such reasons as have to do with attempting to postpone until the first of January, following his election, the time when a judge shall take his office, the secretary of state has no present concern, and an action of mandamus to require that he shall certify the names of relators as candidates at the primary next month presents no questions for decision as to when the candidates nominated at such primary or persons elected to office at any election will be entitled to possession of the offices to which they may be elected. Therefore, we have not considered the sufficiency of any of those reasons, and decide nothing in relation thereto. But the decision whether or not a primary election shall be held in May, 1926, to choose candidates of the differ-

ent political parties for the office of judge of the circuit court does depend upon whether or not there is to be an election held in November, 1926, to fill that office.

The only person made a defendant to this action was the secretary of state, who, presumably, has no interest in the matter except a desire to obey the law in the performance of his public duties. But, under the facts alleged, the Honorable Ralph Himelick has a very obvious interest in the determination of the question when his successor shall be elected. Having been elected to serve for six years, he is entitled to "hold his office for such term and until his successor shall have been elected and qualified." Art. 15, §3, Indiana Constitution, §232 Burns 1926.

If the act of 1925 is valid and postpones the election of his successor until the November election in 1928, he will be entitled to hold over, under the Constitution, at least until such time after that election as the person chosen to succeed him shall have received his commission and qualified, a period of not less than two or three weeks beyond October 25. And if the act operates to extend the time during which he may hold his office until the last day of December, it thereby gives him more than nine weeks additional to serve. Therefore, he is deeply interested in the decision of the questions sought to be presented as to whether or not the act of 1925 is unconstitutional.

It is true, as counsel suggest, that writs of mandate in the circuit and superior courts have been abolished, and the causes of action heretofore remedial by
1-3. means of such writs may now be enforced by complaint and summons in the name of the state on relation of the party in interest, as other civil actions. §§1244, 1246 Burns 1926, §1, ch. 87, Acts 1915 p. 207, §3, ch. 223, Acts 1911 p. 541. But, notwith-

standing this change in the form of the action, the rule seems to be firmly established in the State of Indiana that mandamus will not lie against a ministerial officer to compel action on his part in direct violation and disregard of a statute on the ground that it is unconstitutional, where his acts would affect the rights of persons not parties to the suit, and the validity or invalidity of the statute never has been judicially determined in an action to which any persons were parties whose interest would prompt them to uphold it, if it could be shown to be constitutional. Where private rights depend upon the decision of a disputed question of law as to which a public ministerial officer called on to act in reference thereto has made a decision, supported by the express provisions of an act of the general assembly, such question must be determined in an adversary proceeding to which the persons claiming such rights are made parties, before such ministerial officer, who may have no interest in the matter except a desire to do his duty, can be mandated to act therein contrary to his own decision that the statute is valid and that his official duty requires him to obey it. *State, ex rel.*, v. *Wheaton* (1923), 193 Ind. 30, 138 N. E. 820, and authorities cited. It does not appear from the allegations of the complaint or from matters within the judicial knowledge of the court that the statute under consideration ever has been adjudged unconstitutional in a proceeding to which there were adversary parties having any interest whatever in upholding its validity, nor that persons having such an interest were before the court as parties to this action. It follows that no error was committed in sustaining the demurrer to the complaint.

The judgment is affirmed. And the clerk of the Supreme Court is ordered and directed to certify this opinion to the Marion Circuit Court immediately.