STATE EX REL. ALCOHOLIC BEVERAGE COMMISSION *v.* DAVIS, JUDGE.

[No. 28,723. Filed January 30, 1951.]

*J. Emmett McManamon,* Attorney General, *Clyde H. Jones,* Chief Counsel, and *Allen A. Appleton,* Deputy Attorney General, for relator.

*Joseph H. Davis, pro se.*

GILKISON, J.—Relator brings this action to prohibit respondents from hearing an appeal from an order alleged to have been made by relator, respecting the sale of certain alleged unstamped cigarettes, taken from one Carlson. A temporary writ of prohibition was issued and served upon respondents, to which they filed their verified response on November 29, 1950.

At the outset respondents call attention to the fact that there is no such entity in existence as "The Alcoholic Beverage Commission," the relator named in the petition, and that this action cannot be maintained without an existent relator. No motion to amend the petition has been made, and we are required to determine this jurisdictional question since, if we are without jurisdiction for the reason given, it would be futile to proceed further with the opinion.

The statute giving this court jurisdiction in original actions provides that the petition must be "in the name

of the state *on relation of the party in interest."* § 3-2201, Burns' 1946 Replacement; § 49-1903, Burns' 1933. *State, ex rel. Clifton et al.* v. *Schortemeier, Secy.* (1926), 197 Ind. 669, 673, 151 N. E. 613; *Hoosier Chemical Works* v. *Brown* (1929), 200 Ind. 535, 539, 165 N. E. 323; *Greene, Mayor* v. *Holmes* (1929), 201 Ind. 123, 130, 166 N. E. 281.

The party in interest, as relator, in this case was created by the General Assembly of the State in 1945 in words as follows: "There is hereby created the Indiana Alcoholic Beverage Commission which shall be an entity of the government of the state of Indiana, . . ." § 12-432, Burns' 1942 Replacement (1949 Supp.). (It thereby became a "state board created by general law." § 49-1903, Burns' 1933, *supra)*. By the same act the "Alcoholic Beverage Commission of Indiana" that had theretofore existed was abolished. § 12-431, Burns' 1942 Replacement (1949 Supp.) and all its powers, duties, etc. were transferred to and vested in the Indiana Alcoholic Beverage Commission. § 12-434, Burns' 1942 Replacement (1949 Supp.). The Indiana Alcoholic Beverage Commission is vested with full power to enforce the "Cigarette Fair Trade Act" of 1949. § 58-1102, Cl. (h), Burns' 1943 Replacement (1949 Supp.) and the "Cigarette Tax" Acts of 1949, §§ 58-1113, 64-3005, 64-3015, Burns' 1943 Replacement (1949 Supp.). It is apparent that the proper relator in this case is the "Indiana Alcoholic Beverage Commission." It is equally apparent that there is no such entity in this state as "The Alcoholic Beverage Commission"—the relator named in the petition before us.

The petition was filed in this court October 10, 1950 and the response raising the question of the improper

relator was filed November 29, 1950. No effort to amend the petition by substituting the name of the relator provided by the statute has been made. On the contrary it is urged that it is not necessary to have a relator, because the action is by the state. *State ex rel. Naylor* v. *Harding* (1841), 5 Blackf. 504 and *Ervin et al.* v. *State ex rel. Walley* (1897), 150 Ind. 332, 48 N. E. 249, are cited as authorities for this position. The Naylor case is an action in three paragraphs to collect on the bond of a justice of the peace for collections made by the justice and which he refused to pay over on demand. Demurrers to each paragraph were sustained by the trial court, on the ground that the complaint does not show that the relators are interested in the suit, and the cause was appealed. This court merely held that since each paragraph of complaint is an action of debt founded on a single bond for the payment of money to the state, it could not be material to their validity, that they show the relators to be beneficially interested in the suit. This case does not support petitioner's position, since its action is founded upon a special statute, that requires a relator. § 3-2201, Burns' 1946 Replacement, *supra*.

The Walley case was a statutory action to recover money lost at gambling. Under an Act of 1852, §§ 10-2321, 10-2323, Burns' 1942 Replacement. From a judgment of recovery the appeal was taken. This court merely held "that the code does not require the action to be brought in the name of the real party in interest, where, as here, a person, the State, is expressly authorized by statute to sue without joining the person for whose benefit the action is prosecuted." (See page 337). It further held that "The statute quoted requires the action in such cases as this to be brought in the name of the State. That means that the State must

be the plaintiff. It requires no relator. . . . that part of the complaint naming Nellie A. Walley as relator is mere surplusage and does not vitiate the complaint." (See page 341 et seq.). It will be noted, that the action was based upon a special statute naming the state as the plaintiff and therefore is not a valid authority for the position taken by petitioner herein.

As before noted petitioner filed its original action in this court under § 3-2201, which requires that it be "in the name of the state on relation of the party in interest." The statutes heretofore noted, §§ 64-3005, 64-3015, Burns' 1943 Replacement (1949 Supp.), makes Indiana Alcoholic Beverage Commission the proper relator in the action. See also § 2-201, Burns' 1946 Replacement. We express no opinion as to other propositions mentioned in the petition and response.

For the reasons given the temporary writ issued herein is dissolved and a permanent writ is denied.

NOTE.—Reported in 96 N. E. 2d 338.