DANKER *v.* DOWD, WARDEN, ET AL.

[No. 28,843. Filed October 23, 1951.]

*Walter G. Danker, pro se.*

GILKISON, J.—The above named "Relator" has filed his petition in triplicate in this court, (pro se) seeking to mandate the respondents to produce certified copies of all proceedings and procedure with respect to a certain charge of parole violation etc.

We have not issued an alternative writ to the respondents and of course they have not appeared in the action.

The action is not brought in the name of the State of Indiana on the relation of the petitioner as required by the statute, §3-2201, Burns' 1946 Replacement. It is not possible legally for an action of mandate to be prosecuted by one in his individual and personal capacity. "The statute requires the State of Indiana to be included. This is not a mere nominal requirement, it is a statutory recognition of the fact that the State has an interest in the particular type of relief which is secured in an action of mandate. In a sense the State is allowing an individual to enforce in the name of the State a remedy which the individual, as such, is not entitled to have." *Board of Public Safety* v. *Walling* (1933), 206 Ind. 540, 546, 187 N. E. 385, 387; *Rogers* v. *Youngblood, Judge* (1948), 226 Ind. 165, 168, 78 N. E. 2d 663; *Pembleton* v. *McManaman* (1949), 227 Ind. 194, 196, 84 N. E. 2d 889; *Meek* v. *Baker, Judge* (1951), 229 Ind. 543, 99 N. E. 2d 426. See also *State ex rel. Young* v. *Niblack, Judge* (1951), 229 Ind. 596, 609, 99 N. E. 2d 839, 844.

However, this court's jurisdiction in original actions of mandamus is exceedingly limited. It is defined by §3-2201, Burns' 1946 Replacement. The only persons or officials that we may mandate are "circuit, superior, criminal, probate, juvenile or municipal courts of this state, respectively." The only thing we can mandate them to do is "the performance of any duty enjoined by law" upon them. We have no

jurisdiction to entertain the petition against the respondents.

It is, therefore, ordered that the cause be and it is hereby dismissed.

NOTE.—Reported in 101 N. E. 2d 191.