STATE EX REL. TOMLINSON *v.* JEFFREY, SPECIAL JUDGE.

[No. 28,869.   Filed July 28, 1952.]

*Bachelder, Bachelder & Fife,* of Indianapolis, for petitioner.

*Cleon H. Foust* and *James A. Watson,* both of Indianapolis, Amici Curiae.

BOBBITT, J.—Petitioner (relator) seeks a writ of mandate from this court to compel respondent to permit him, on relation of the State of Indiana, to intervene in an action pending in the Marion Superior Court wherein relator (plaintiff) seeks damages and compensation based on quantum meruit, for services allegedly rendered Franklin General Insurance Company, George Poteet and C. Warren Day, Partners, doing business under the firm name and style of Franklin General Insurance Company (defendants), and the appointment of a receiver for said company. Relator seeks by his intervening petition to mandate the insurance commissioner of Indiana and the attorney general of Indiana to bring an action for receiver of said company.

We did not issue an alternative writ to respondent and he has not appeared in the action.

Petitioner contends that under the present rulings of this court he could not obtain relief by mandamus either in his original or supplemental complaint, but only by the filing of an intervening petition on relation of the State of Indiana, and relies upon *Danker* v. *Dowd* (1951), 230 Ind. 19, 101 N. E. 2d 191, as authority for his contention. We do not so interpret the holding of this case.

At page 191 (101 N. E. 2d) we said: "It is not possible legally for an action of mandate to be prose-

cuted by one in his individual and personal capacity." We see nothing in that statement which could be construed to mean that a mandamus action must be brought by way of an intervening petition in an action already pending.

The intervention of a new party in an action is not a matter of right, but is subject to the sound discretion of the trial court.

The rule is ably stated in *Van Der Veer* v. *Union Trust Co., etc.* (1920), 73 Ind. App. 336, 340, 126 N. E. 38: "The right of intervention has been defined to be 'the admission, *by leave of the court,* of a person not an original party to the pending legal proceedings, by which such person becomes a party thereto for the protection of some right or interest alleged by him to be affected by such proceedings.'" (Our italics).

We said in *Schuble* v. *Youngblood* (1947), 225 Ind. 169, at p. 173, 73 N. E. 2d 478: "Nor will this court direct or by mandate attempt to control the judicial discretion of a trial judge in the performance of his duties. Under proper circumstances we may order him to act but not to act in a prescribed way. [Citing authority.] If there is an abuse of discretion that can be presented to us only on appeal."

The trial court in the case at bar has, in its sound discretion, overruled relator's petition to intervene in said action pending in the Marion Superior Court.

"We have no supervisory authority by mandate to control either the discretion, or the judicial determination of the trial court. When it has decided the tendered issue, it has done all that this court, in an original action, could mandate it to do." *State ex rel. Burton* v. *Gelb* (1947), 225 Ind. 330, 334, 75 N. E. 2d 151.

An order denying a petition to intervene is a final judgment, from which an appeal will lie to this court. *Gerdenich, Admx.* v. *Goss* (1945), 115 Ind. App. 538, 60 N. E. 2d 603; *Vorhees* v. *Indianapolis Car, etc.* (1895), 140 Ind. 220, 39 N. E. 738. This provides relator with an adequate remedy at law.

Relator has construed the following statement in *State ex rel.* v. *Wheaton* (1923), 193 Ind. 30, 35, 138 N. E. 820, "Where private rights depend upon the decision of a disputed question of law or fact, such question must be determined in an adversary proceeding to which the persons claiming such rights are made parties, *before a ministerial officer,* who may have no interest in the matter except a desire to do his duty, can be mandated to act therein contrary to his own decision of the disputed question.", (our italics) to mean that " . . . an action to mandate state officials can not be brought as an independent action but must be brought ancillary to an existing controversy." We construe said statement to mean the contrary. Under our interpretation relator must first determine the disputed question of law or fact in his action now pending in the Marion Superior Court before an action will lie to mandate the insurance commissioner to do the things which it is sought to have done in the petition to intervene.

Petition denied.

Emmert, J., not participating.

NOTE.—Reported in 107 N. E. 2d 1.