STATE ELECTION BOARD ET AL *v.* JOHNSON CIRCUIT COURT ET AL.

[No. 30,186. Filed March 7, 1962.]

*Edwin K. Steers,* Attorney General, and *Addison M. Dowling,* Deputy Attorney General, for relators.

*Robert W. Young, Acher, Young & Pushor,* of counsel, of Franklin, *Kurt F. Pantzer, Jr.,* and *Grabill, Baker & Pantzer,* of counsel, of Indianapolis, for respondents.

PER CURIAM.—We have here before us a petition for writ of mandate and prohibition entitled STATE ELECTION BOARD; MATTHEW E. WELSH, as Governor of the State of Indiana and *ex officio* Chairman of the State Election Board; JAMES E. NOLAND and EDWIN STEERS, SR., as Members of State Election Board, on the relation of EDWIN K. STEERS, Attorney General of Indiana, Relator, v. THE JOHNSON CIRCUIT COURT; HON. ROBERT L. LYBROOK, as Judge of said Circuit Court; and HON. JACK ROGERS, as Judge *Pro Tempore* of said Circuit Court, Respondents.

The statute giving this Court jurisdiction in original actions provides for the petition to be " . . . in the name of the state on relation of the party in interest . . . ." Burns' §3-2201, (1961 Replacement).[1] This Court has held pursuant thereto in numerous decisions that original actions of mandate and prohibition in this Court must be brought in the name of the State of Indiana on relation of the party in interest. See: 19 West's I. L. E., "Mandate and Prohibition," §83, p. 232, and §168, p. 317.

---

1. Acts 1881 (Spec. Sess.), ch. 38, §803, p. 240, 379; 1911, ch. 223, §1, p. 541; 1915, ch. 87, §1, p. 207; 1933, ch. 102, §1, p. 688; 1955, ch. 253, §1, p. 647.

As stated by this Court in *Board of Public Safety* v. *Walling*,[2] and reiterated in subsequent decisions:[3]

" . . . Express statutory provision requires actions for mandate to be brought in the name of the state on the relation of the party in interest. It is legally impossible for an action of mandate to be prosecuted by one in his individual and personal capacity. The statute requires the State of Indiana to be included. This is not a mere nominal requirement; it is a statutory recognition of the fact that the State has an interest in the particular type of relief which is secured in an action of mandate. . . ."

Actions for writ of prohibition are predicated upon the same statute and likewise must be brought in the name of the State on relation of the party in interest.[4]

The temporary writ of mandate and prohibition heretofore issued is dissolved and the permanent writ denied.

NOTE.—Reported in 180 N. E. 2d 540.

---

2. *Board of Public Safety* v. *Walling* (1934), 206 Ind. 540. 546. 187 N. E. 385, 387.

3. *Rogers* v. *Youngblood, Judge* (1948), 226 Ind. 165, 168, 78 N. E. 2d 663, 664;

*Becker* v. *Stanley* (1950), 228 Ind. 429, 430, 92 N .E. 2d 851, 852;

*Meek* v. *Baker* (1951), 229 Ind. 543, 99 N. E. 2d 426;

*Casey* v. *Murray* (1951), 229 Ind. 545, 99 N. E. 2d 426, 427;

*Danker* v. *Dowd* (1951), 230 Ind. 19, 20, 101 N. E. 2d 191;

*Roberts* v. *Byrd, Judge, etc.* (1957), 237 Ind. 697, 698, 143 N. E. 2d 568;

*McGill* v. *Rabb, J., etc.* (1958), 238 Ind. 706, 151 N. E. 2d 811, 812.

4. *State ex rel. Alcoholic Bev. Comm.* v. *Davis* (1951), 229 Ind. 182, 183, 96 N. E. 2d 338.