### KENSINGER *v.* SCHAAL.

[No. 24,023. Filed May 9, 1922. Rehearing denied July 11, 1922.]

1. ELECTIONS.— *Contests.*— *Jurisdiction of County Board of Commissioners.*— *Statutes.*— *Construction.*— Acts 1911 p. 67, §§6994a-6994e Burns 1914, entitled "An Act to provide for recount and correction * * * where voting machines are used," does not divest the board of county commissioners of jurisdiction over election contests, as conferred by §§6995-7020 Burns 1914, §§4743-4768 R. S. 1881, where voting machines are used, and such board has jurisdiction of all election contests, whether the election is wholly or partly by voting machines, or is entirely under the Australian ballot system. p. 308.

2. ELECTIONS. — *Contest.* — *Evidence.* — *Record on Voting Machines.*—*Competency.*—*Statutes.*—The record on a voting machine does not lose its character as evidence of the result of the election after the expiration of thirty days from the date of the election, though §§7036, 7038 Burns 1914, Acts 1901 p. 501, provide that the machines shall be kept locked for thirty days only from the election, after which the keys shall be turned over to the board of county commissioners; any question as to the care and custody of the machines, or whether the record of the voting thereon has been changed, etc., going to the weight of the evidence, and not to its admissibility. p. 309.

From Vigo Superior Court; *John E. Cox*, Judge.

Contest of election by Forest Kensinger against George A. Schaal. From a finding by the board of county commissioners in favor of contestant, the con-

testee appealed to the superior court. From the judgment rendered, the contestant appeals. *Reversed.*

*Stimson, Stimson & Davis, Randolph H. Mayes* and *Walker & Cox,* for appellant.

*Beasley, Douthitt, Crawford & Beasley, Thomas F. O'Mara, Louis D. Leveque* and *Adamson & Gallagher,* for appellee.

TOWNSEND, J.—At the November, 1920, election appellee was declared elected treasurer of Vigo county by a plurality of sixty-five votes. Appellant, on November 15, 1920, filed notice of contest with the county auditor. The contest before the board of county commissioners began on December 3, 1920, and finally resulted in favor of appellant. Appellee appealed to the superior court of Vigo county. The superior court on motion of appellee, dismissed the action on the ground that the board of commissioners had no jurisdiction and, consequently, the superior court had no jurisdiction.

The question presented is whether the act of 1911, with regard to voting machines (Acts 1911 p. 67, §§6994a-6994e Burns 1914) has repealed the law

1. of contest provided for in the act of 1881 (§§6995-7020 Burns 1914, §§4743-4768 R. S. 1881).

There were eighty-four precincts in Vigo county. In twenty-one precincts voting machines were used, and in sixty-three precincts the vote was cast by the Australian ballot. It is the contention of the appellee that there is no right of contest where the vote is partly by paper ballot and partly by machine. That is to say, if the voting is entirely by machine the jurisdiction of contest is in the circuit court, under the act of 1911, *supra.* If entirely by Australian ballot, jurisdiction is in the board of county commissioners, under the act of 1881, *supra.* But if voting is by both methods, neither tribunal has

jurisdiction, because neither has power to count all the votes cast. Such an anomaly as this should not be brought about by judicial interpretation. If it exists, the statute must plainly indicate such a legislative intent. When we turn to Acts 1911 p. 67, *supra,* we find this title: "An Act to provide for recount and correction * * * where voting machines are used." This title is illumining in view of appellee's contention that the act provides for contest instead of recount. The act is similar in many respects to the old recount sections of the act of 1881, wherein the circuit court was required to appoint commissioners to make the recount. While the words used in the act of 1911, *supra,* are not always apt, if they imply more than recount, they are beyond the title and are of no effect.

We, therefore, hold that the act of 1911, *supra,* did not divest the board of county commissioners of jurisdiction over election contests where voting machines are used, and that such board has power under the present law to investigate the whole vote, both by machine and ballot, in an election contest and, consequently, that the circuit or superior court on appeal has like jurisdiction.

It is next contended that the record on the voting machines does not import verity after the lapse of thirty days, during which they are to be kept locked

2. and the keys lodged in the custody of the county auditor. §§7036, 7038 Burns 1914, Acts 1901 p. 591. In other words, because the above sections provide that the machines shall be kept locked thirty days from the election and that at the end of that time the keys shall be turned over to the board of commissioners, unless otherwise ordered by some court, that, therefore, the machines used in the election which is contested here, not having been preserved by any order of court, and the investigation before the county commissioners

not beginning until December 3, thirty-one days after the election, there is no jurisdiction anywhere to investigate the machines; that the probative force of what the machines show in the way of vote is destroyed by the very limitation in the statute as to their care and custody and the disposition of the keys at the end of thirty days. This contention goes to the weight of this evidence rather than to its admissibility. The board of county commissioners are the officers who furnish the machines. They are the officers to whom the machines are returned after the election is over. The county auditor is, in a sense, the clerk of the county commissioners.

As to how the machines have been preserved after the thirty days, the care and custody of them, the opportunities for change, or whether they have been changed, are questions to be considered by a board of commissioners in the contest, and by the court in the trial of the case on appeal. The primary object of an election contest is to determine who received the highest number of legal votes. Any question as to the care and custody of that which is evidence of the vote cast, goes rather to the weight of the evidence than to its admissibility. *State, ex rel.* v. *Thornburg* (1912), 177 Ind. 178, 186, 97 N. E. 534.

Other questions are discussed in the briefs, but they are not relevant to the issue made by appellee's motion.

The judgment is reversed, with instructions to overrule the motion to dismiss, and to proceed with the cause.