STATE EX REL., KENSINGER *v.* COX.

[No. 24,495. Filed March 11, 1924.]

1. NEW TRIAL.—*Motion for.*—*Filing of.*—*Sufficiency.*—Where, within the time allowed by statute for filing a motion for a new trial, a litigant caused to be delivered to the judge in open court, for the purpose of being filed, a written motion and statement of reasons for a new trial, which was received by the judge and, by his authority, indorsed with a file mark, noted on the books of the court as having been filed, and placed among the papers in the cause by the clerk whose duty it was to per-

form those services with respect to papers filed, there was a sufficient filing of the motion, though the person actually delivering it to the judge was not an attorney for the litigant or, in fact, an attorney at all, and though neither the litigant nor his attorney was in the court-room at the time. p. 384.

2. NEW TRIAL.—*Motion for.—Ruling on not in Discretion of Judge.*—Where a motion for a new trial has been properly filed within the time allowed by law, the mover's right to have it entertained and ruled on is not subject to the arbitrary discretion of the judge, but it is his duty to rule on such motion, and to cause a record to be made of the facts that it was filed and ruled on, to the end that an appeal may be taken therefrom. p. 385.

3. MANDATE.—*Action in Supreme Court.—Judgment on Return.*—In an original action in the Supreme Court for a writ of mandate against a judge to compel him to restore an expunged record of the filing of a motion for a new trial, where the return of the respondent showed facts from which it clearly appeared that the relator was entitled to the relief asked, and that it was the duty of the respondent thereafter to rule upon said motion and to cause to be entered in the order-book a record of his ruling and to note an exception thereon, it was proper for the Supreme Court to enter final judgment for relator. p. 385.

Original action in Supreme Court by the State, on the relation of Forest M. Kensinger, to mandate John E. Cox, as judge of the Superior Court of Vigo County. *Judgment for relator.*

*John W. Becker,* for the relator.
*Adamson & Gallagher,* for respondent.

PER CURIAM.—The relator filed his complaint in which, besides certain facts not deemed material to a determination of the rights of the parties, he alleged substantially the following: That he was the plaintiff, as contestor, and George A. Schaal was the defendant, as contestee, in a certain action pending in the superior court of Vigo county, Indiana, for the contest of an election, which was and is numbered 19,732; that the respondent is and for more than five years has been the duly elected, qualified and acting judge of that court;

that said cause was tried before defendant, sitting as such judge, and on January 10, 1923, a decision and judgment against relator as the plaintiff in that cause was duly rendered and recorded; that thereafter, on February 7, 1923, the relator, as plaintiff in that suit, filed in said court and caused to be brought to the knowledge and attention of respondent, as judge of the court, in open court, while he was performing his duties as such judge, the plaintiff's motion for a new trial and reasons therefor, in writing, specifying that the decision was not sustained by sufficient evidence, that it was contrary to law, that the court erred in excluding each of fifteen different items of evidence, and that it erred in each of a dozen other rulings; that respondent, as judge, under said circumstances, in person and in his own handwriting made an entry in his docket stating that the motion was filed, and directed the clerk to file the same, as so specifying the written reasons on which it was based, and the clerk thereupon, by his direction, put upon it his file mark, stating the date of such filing, with the signature of the clerk, and filed the motion among the papers in the cause, and wrote in the proper order-book of the court, among the entries of acts done by the court on that day, a recital under the title and number of said cause, that "comes now the contestor in the above entitled cause by counsel and files motion and reasons for a new trial, which motion reads as follows, to wit (here insert)." But that thereafter, on February 14, 1923, the defendant (contestee) in that action filed a verified motion to expunge said record entry and to strike out and reject said motion for a new trial for certain alleged reasons hereinafter noticed, and on February 22, 1923, the respondent, as judge, assuming to act as the superior court of Vigo county, Indiana, caused to be erased from the order-book of the court the said entry, and struck out and

rejected the motion, and has since refused and now refuses to pass upon the motion either by overruling or by sustaining it; that the petitioner is aggrieved by the judgment against him and desires to appeal from it, and alleges that it is erroneous in the particulars specified in the motion, but cannot appeal until his motion for a new trial shall have been ruled on. Upon the facts stated, the petitioner asked for a writ of mandamus directing the respondent to restore the expunged record of the filing of said motion, and to rule upon the same, either sustaining or overruling it.

An alternative writ having been issued, the respondent filed a verified return, which expressly admitted all of the foregoing facts, except that relator, as plaintiff, had filed the motion, as to which he averred that the facts were as follows: That on February 7, 1923, the superior court of Vigo county, Indiana, was in session, with a special judge engaged in trying a cause, and respondent, the regular judge, was absent from the court-room when an attorney representing relator came into the court-room and told Albert Duddleston that he had a motion for a new trial in the said election contest, entitled Forest Kensinger v. George A. Schaal, and offered two typewritten copies of it to him; that Duddleston was the deputy clerk of that court, and told the attorney that he would not put the file mark upon papers left with him until the court had first noted the filing of such papers on the judge's docket, but told him that he could leave the papers with him (Duddleston) though he would assume no responsibility in the matter; that relator's said attorney thereupon delivered to Duddleston the duplicate copies of the motion and reasons for a new trial, properly entitled as of said cause, and left the court-room before respondent re-entered it; that later in the same afternoon, after said attorney had gone from the court-room, respondent resumed his place

as judge of the court, and Duddleston then handed him the said papers, and told him what had taken place between him and relator's attorney; that respondent took the two papers and made an entry in the judge's docket to the effect that the contestor in said election suit had that day filed a motion for a new trial, but that respondent so received the papers and made the entry when neither the relator nor any attorney for him was in the court-room; and that later the same day, Duddleston, as deputy clerk of the court, made the order-book entry, as alleged; that the judge did not sign the order-book, and seven days later, at the same term, being after the time allowed by law for filing the motion for a new trial had expired, upon a motion by the adverse party, supported by the affidavit of Duddleston stating said facts, respondent, as judge, ordered and caused said entries to be erased and expunged from the order-book and from the judge's docket, respectively, and struck out and rejected the said motion for a new trial. The relator has filed what he denominates a demurrer to this return, which amounts to an exception to its sufficiency and will be so treated.

The facts so admitted under oath show relator entitled to the relief asked. They show that within the time allowed by statute (§587 Burns 1914, Acts 1913 p. 848), relator caused to be delivered to the judge in open court for the purpose of being filed, a written motion and statement of reasons for a new trial, which was received by the judge for that purpose and by his authority was indorsed with a file mark, noted on the books of the court as having been filed, and placed among the papers in the cause by the clerk, whose duty it was to perform those services with respect to papers filed. This was a sufficient filing of the motion. *Gfroerer* v. *Gfroerer* (1910), 173 Ind. 424, 428, 90 N. E. 757; *Meek* v. *State, ex rel.* (1909), 172

Ind. 654, 661, 88 N. E. 299; *Hammond, etc., R. Co.* v. *Antonia* (1908), 41 Ind. App. 335, 342, 83 N. E. 766. And the mere facts that the person who actually put the paper in the hands of the judge for the purpose of being so filed was not the attorney for the contestor, or even that he was not an attorney at all, and that neither the contestor nor his attorney was present in the court-room at the time are immaterial, where they were so delivered by authority of the contestor for the express purpose of being filed and were received and filed.

The motion for a new trial having been filed within the time allowed by law, relator's right to have it entertained and ruled on is not subject to the arbitrary discretion of the judge, but it became and is the imperative duty of the respondent to rule on such motion, and to cause a record to be made of the facts that it was filed and ruled on, to the end that, if the motion be overruled, an appeal may be taken, and if it be sustained, that the cause may be retried and proceed to final judgment. And his act in erasing from his order-book the record of its filing after the clerk had made it was wholly unauthorized.

2. Respondent having made a verified return of facts from which it clearly appears, without dispute, that it in his imperative duty, as judge of the superior court of Vigo county, State of Indiana, to restore the entry which he wrongfully and without authority erased from the order-book of said court, which recorded as part of the proceedings had therein on February 7, 1923, being the fifty-seventh judicial day of the December, 1922, term of court, the fact that, on that day, the relator, as contestor in the action pending therein known as Cause No. 19,732, and entitled Forest Kensinger v. George A. Schaal, had filed the said motion for a new trial with written reasons for the

same, which was so presented to the judge and was marked as filed on said day, and that it is his duty thereafter, within a reasonable time, to make, and to cause to be entered and recorded in said order-book as of the day when it is so made, an order disposing of said motion, either by sustaining or overruling the same, together with a notation therein of the fact that the party against whom such ruling is made excepts to the same, it is proper for this court to enter final judgment upon said facts.

It is therefore adjudged that the respondent, as judge of said court, be and he is hereby commanded to make such rulings and to cause entries recording said facts to be made in the order-book of his court, all as above set out, and that the relator recover of and from the respondent his costs herein, taxed at $————.