## KENSINGER *v.* SCHAAL.

[No. 25,159.    Filed April 19, 1928.    Rehearing denied October 2, 1928.]

*Beecher & Beecher* and *John W. Becker,* for appellant.

*Beasley, Douthitt, Crawford & Beasley, Louis D. Leveque, Thomas F. O'Mara* and *Adamson & Gallagher,* for appellee.

MARTIN, J.—This is an appeal from a judgment dismissing an election contest proceeding. The controversy has now been before us five times, a brief history

of the litigation is given in the margin,[1] and reference is made to No. 24,023, *Kensinger* v. *Schaal* (1922), 192 Ind. 307, 135 N. E. 331; No. 24,426, *Kensinger* v. *Schaal*, dismissed August 23, 1924; No. 24457, *State, ex rel.*, v. *Cox, Judge* (1923), 193 Ind. 519, 141 N. E. 225, and No. 24,495, *State, ex rel.*, v. *Cox, Judge* (1924), 194 Ind. 380, 142 N. E. 862.

In compliance with the mandate entered March 11, 1924, in the case last cited, the lower court restored its record of the filing of Kensinger's motion for a new trial

---

[1]Forest Kensinger on November 15, 1920, filed with the Board of County Commissioners of Vigo County, a petition alleging that he and George A. Schaal were candidates for the office of county treasurer at the general election held November 2, 1920, that the board of canvassers had signed a statement showing that Kensinger received 16,979 votes and Schaal 17,044 votes and declaring Schaal elected; that in sixty-three precincts the voting was by paper ballots and in twenty-one precincts by voting machines; that more than one legal vote in each of the sixty-three precincts were cast for Kensinger which were not counted and that more than one illegal vote in each of sixty-three precincts were cast and counted for Schaal.

Schaal answered by general denial and four other paragraphs alleging irregularity, illegality and mistake of election officers and canvassers in permitting more than ten illegal and void votes to be cast in each precinct, and asking that his plurality be increased. The issues were closed, trial was had and the board of commissioners found that the averments in Kensinger's petition were true, and entered a judgment that Kensinger had received the highest number of votes and was thereby "declared elected to said office for the term of two years beginning with the 1st day of January, 1922," etc.

Schaal appealed to the superior court and filed an appeal bond in the sum of $1,000. In the superior court, Schaal filed a motion to dismiss the action, contending that the board of county commissioners did not have the right under the law to investigate and determine an election contest where the voting was in part by printed ballots and in part by voting machines. This motion was sustained and judgment was entered dismissing the cause, June 10, 1921. From this judgment Kensinger appealed and this court reversed the judgment of the Vigo Superior Court with instructions to overrule the motion to dismiss and to proceed with the cause. *Kensinger* v. *Schaal* (1922), 192 Ind. 307, 135 N. E. 331.

Various motions filed by Schaal delayed further action until December 14, 1922, when the cause was tried by the court for several days. Three recount commissioners were appointed, trial was resumed January 2, 3, 4, 1923, and Schaal filed a motion to require contestor to furnish a bond for the cost of recounting the ballots, which was overruled. On January 4, 1923, the recount commissioners declined to count the ballots until assured their pay before beginning their work and the court reconsidered its ruling and sustained the motion for a cost-bond to be furnished by both contestor and contestee. On January 6, 1923,

and, upon consideration thereof, granted a new trial August 2, 1924.

Appellant filed a supplemental complaint October 3, 1924, alleging that the term of the office in controversy had expired December 31, 1923, and seeking to recover the salary, fees and emoluments with interest. No issue was formed on the supplemental complaint, nor could there be such an issue in an election contest proceeding.

On January 30, 1925, the venue was changed upon appellant's application and a special judge was appointed and qualified. On April 23, 1925, the appellee moved

contestee filed bond, but contestor reported and made affidavit that he was unable to file bond and moved the court to vacate the order naming recount commissioners. The court examined the recepticles and bags containing the ballots and the trial continued. The contestor moved that recount commissioners proceed without bond, which motion was overruled. On January 10, 1923, the court found for the contestee and against the contestor and that contestee Schaal was the duly-qualified and acting treasurer.

On February 7, 1923, Kensinger filed his motion for a new trial assigning therein twenty-seven causes, directed to alleged errors in excluding evidence, and to the action of the court in refusing to discharge the recount commissioners, in refusing to order the said commissioners to count the ballots, in requiring the contestor to file a bond, in appointing as one of the three recount commissioners a person who was a deputy treasurer serving under the contestee, in fixing the *per diem* to be paid to the commissioners and in assessing certain costs. The judgment was also challenged as being contrary to law and not sustained by sufficient evidence.

On February 14, 1923, on motion of Schaal, the court attempted to strike the motion for a new trial from the files and expunge the record of its filing from both the judge's docket and the order-book for the alleged reason that it had not been filed within thirty days, Schaal's motion being accompanied by an affidavit of a deputy clerk stating that the motion for a new trial had been left with him for filing by the contestor's attorney in the absence of the regular judge from the court room and while another cause was on trial before a special judge. On April 25, 1923, Kensinger filed a motion to correct the record *nunc pro tunc* to show the filing of his motion for a new trial and Schaal filed a motion to dismiss the petition for the entry *nunc pro tunc* which was by the court sustained. On July 17, 1923, Kensinger tendered his bill of exceptions, on July 25, 1923, the judge of the court declared the same to be incorrect and thereupon settled his corrected bill of exceptions.

The action of the trial court in the matter of this motion for a new trial was twice considered by this court in original actions begun here by *State, ex rel.,* v. *Cox, Judge,* No. 24457 and No. 24495, and in the latter case (1924), 194 Ind. 380, 142 N. E. 862, the judge was, on March 11, 1924, directed by a writ of mandate to restore his record.

"to dismiss the cause" for want of jurisdiction and, on September 22, 1925, appellant moved "to dismiss the appeal" from the board of county commissioners for want of prosecution. The court overruled both of these motions on September 29, 1925, and "having examined the entire record of this contest proceeding and the pleadings filed herein," found that the term of office of county treasurer for which the contested election was held expired on January 1, 1924, and "that by reason of such expiration . . . there is not now any matter in litigation or that could be litigated under the pleadings filed herein nor anything to be decided or determined by this court in said contest proceedings" and thereupon adjudged "that this contest proceeding be and is now dismissed" at the cost of the contestor, Kensinger. From this judgment the present appeal was taken.

The appellant assigns as error the action of the court: (1) In overruling his motion to dismiss the appeal; (2) in dismissing the contest proceeding; (3) in finding that there was not any matter that could be litigated; and (4) in taxing all the costs against him. The appellee has assigned as cross-error the overruling of his motion objecting to the jurisdiction of the court and praying the court to declare that it had no jurisdiction and to stay all further proceedings.

The appellee contends that this court, in the mandate case, No. 24495, decided May 11, 1924, was without jurisdiction of the subject-matter so far as he is concerned and that, as to him, that judgment is *coram non judice*, and in violation of his rights under Art. 1, §§1, 12, 21, Constitution, and under the Fourteenth Amendment, United States Constitution. This contention is based on appellee's assumption regarding appeal No. 24426, that "the court below entered final judgment in this cause on January 10, 1923" and that, "on February 22, 1923, it finally disposed of appellant's motion for a new trial"

by striking it from the files, and that "the action of the court on August 2, 1924, in restoring appellant's motion for a new trial to the record and sustaining the same, did not operate to set aside or vacate the judgment of January 10, 1923," and that "the Supreme Court, having dismissed said appeal (No. 24426) on August 22, 1924, the action of the court below in striking out appellant's motion for a new trial was affirmed and this court is now without jurisdiction to set aside or vacate its judgment of August 22, 1924, dismissing appellant's appeal."

It can readily be seen that the basis for appellee's contention is entirely inconsistent with the view that this court has heretofore taken, and still has, regarding this controversy. The motion for a new trial, filed February 7, 1923, remained pending without any valid action being taken thereon by the court until August 2, 1924, the attempted expunging of the same from the files being a nullity. *State, ex rel.*, v. *Cox, Judge*, (194 Ind. 380), *supra*. The judgment of January 10, 1923, therefore, never became final and effective. *New York, etc., R. Co.* v. *Doane* (1886), 105 Ind. 92, 4 N. E. 419. Appellant, by the mandate proceeding, required the record of the lower court to speak the truth and secured the relief he demanded, viz.: action on his motion for a new trial, and he did not brief the appeal (No. 24426) which he had taken from that judgment—which appeal was necessary to give this court jurisdiction in the mandate proceeding—and such appeal was dismissed under Rule 21.

Consideration of the question as to whether the issues in this case became moot upon the expiration of the term of office involved, January 1, 1924, arises both upon the appellant's assignment of errors and appellee's assignment of cross-errors. Appellee, to sustain his contention that issues involved in this case are moot, cites *State, ex rel.*, v. *Jackson, Secretary*, (1922), 192 Ind. 497, 137

N. E. 51; *State, ex rel.,* v. *Wheaton* (1923), 193 Ind. 30, 138 N. E. 820; *Rowe* v. *Bateman* (1899), 153 Ind. 633, 54 N. E. 1065; and *State, ex rel.,* v. *Boyd* (1909), 172 Ind. 196, 87 N. E. 140. None of these cases involved election contests nor do their holdings persuade us that the issues at bar are moot. In *State, ex rel.,* v. *Jackson, Secretary, supra,* it was held that where the question involved on appeal was the right of appellant to have his name placed on a primary election ballot and such election was held before the appeal was submitted to the Supreme Court, the question presented became moot and the appeal was dismissed. In *State, ex rel.,* v. *Wheaton, supra,* which appeal likewise related only to printing the names of candidates on ballots to be voted at an election which was held before the appeal was submitted, the court held, after dismissing the appeal on other grounds, that the appeal should not be entertained for the purpose of deciding the constitutionality of an act, where the complaint was not so drawn as to require a decision on any constitutional question and the moot question involved was not one of great public interest or affected the public generally.

In *Rowe* v. *Bateman, supra,* it was sought to remove appellees from office as county commissioners by impeachment, and their term of office expired pending an appeal from a judgment in their favor. In *State, ex rel.,* v. *Boyd, supra,* the clerk-elect of a circuit court instituted an action in *quo warranto* merely for the possession of the office to which he was elected, from November 15 to January 1, "making no claim to the salary or fees appertaining thereto or demand for damages." On January 1, the old clerk voluntarily delivered possession of the office and, on appeal from the judgment denying the relator's title to such office for such period, this court, in dismissing the appeal, said: "It is manifest that thereafter no subject-matter was involved upon which

the judgment of the court could operate.   The act which gave rise to this controversy having been repealed, we are not warranted in assuming that the abstract question presented by this appeal is one of general interest to the public," and that jurisdiction would not be retained to determine merely an incidental question of costs.

In discussing the subject of moot questions, we said in *State, ex rel.,* v. *Jackson, Secretary, supra:*

"It is the function of this court to decide actual controversies by judgment which can be given due effect, not to give opinions upon moot questions or abstract propositions or to decide principles or rules of law which cannot affect the matters in issue in the cases before them [it]; so that, when it is made to appear to this court that upon reviewing the proceedings of the judgment sought to be reviewed it is impossible for this court to grant effectual relief, the court will not determine the questions litigated below, but will dismiss the appeal."

We do not believe the present controversy is a moot controversy as defined in the case just quoted from. Here, although the term of office expired during the pendency of the appeal from the judgment of the county commissioners, substantial rights of the parties, other than the right to the title to the office, to wit:   the right to the emoluments of the office, depend upon the result of a trial and judgment to be had in the superior court.   Appellee urges that "contest proceedings are conducted only for the purpose of determining, as a matter of public interest, who is entitled to the office in question and no judgment for salary can be recovered in such proceedings," but §7622 Burns 1926, §1, ch. 51, Acts 1919, relating to election contests, indicates that the legislature has determined that the purpose of deciding such a contest is not alone the matter of public interest, but is a matter of the private and financial interest of the contesting parties in the emoluments of

the office as well. This section which provides for appeals to this court from circuit (and superior) courts, of election contests originating before the board of county commissioners, provides that the appeal bond shall be in a sum sufficient to cover the emoluments of the office, and provides for a right of action on the bond "for the amount of the emoluments of such office, during such time."

While there can be no ouster from an office after it has expired, we do not undertake to say that a final judicial determination of the question of which candidate for public office received the most legal votes is not a matter of great public interest.

It would be manifestly unjust if appellant, after receiving a judgment of the board of county commissioners declaring him elected to office and after having ██ a bond executed in his favor by appellee conditioned upon the due prosecution of an appeal from that judgment, could be deprived of all his rights, political and financial, under that judgment and be required to pay all the costs, merely because the wheels of justice ground so slowly that the term of office expired before there was a final adjudication on the merits in the appellate tribunal. Having determined that the controversy was not, and is not moot, it follows that the court erred in dismissing the contest proceedings. It, therefore, is not necessary to decide the other questions raised.

The judgment is reversed, with directions to the trial court to vacate its order made September 29, 1925, dismissing the contest proceeding at the costs of the contestor Kensinger, and to reinstate, as of said date, said contest proceeding and proceed with the trial thereof.