VINCENT *v.* SIMMS.

[No. 25,600.   Filed June 28, 1934.]

48

*Carlos T. McCarty* and *F. Gwin,* for appellant.

*Frank E. Gilkison,* for appellee.

FANSLER, J.—Appellant and appellee were candidates for the office of township trustee of Center township in Martin county at the general election in November, 1926. The election officers declared appellant elected. Appellee brought an action in the commissioners' court of Martin county to contest the election under §7612 *et seq.,* Burns 1926, alleging that there were irregularities and malconduct of the members and officers of the election in that certain votes for contestor were counted and accredited to contestee; that illegal votes which should not have been counted were credited to contestee; that legal ballots which were cast for contestor were not counted.

The county commissioners found for the contestee (appellant). The contestor (appellee) appealed. The cause was tried in the circuit court, and there was a finding and judgment for the contestor (appellee) that he was the duly elected trustee.

Appellant's motion for a new trial was overruled, and this ruling is the only error assigned.

Appellant contends that appellee's complaint is a petition for a recount, and not an election contest. It is true that the complaint alleges facts that would make it good as a petition for a recount, but it is also good as a complaint for contest, and the con-

test procedure was followed. *Goecker* v. *McOsker* (1912), 177 Ind. 607, 98 N. E. 724.

It appears that certain absent voters' ballots were delivered to the election boards of the two precincts in the township by the clerk of the circuit court within the time provided therefor, but that the packages containing these ballots were not opened, and that the ballots were not voted or counted. The inspector of each precinct testified to these facts, and that because they were occupied with receiving ballots of voters who were present, there was no time between the hours of six o'clock A. M. and six o'clock P. M. on election day to count these ballots. Appellant contends that, since there was not sufficient time to count the ballots on election day, the ballots could not be thereafter counted, since the law provides for challenges when they are offered to be voted.

Section 7508, Burns 1926 provides that between the opening and closing of the polls the inspector, in the presence of the election board, shall open the envelope containing the absent voter's ballot, compare the signature upon the application with the signature upon the affidavit, and if the signatures correspond, and the affidavit is properly attested, and the applicant is a duly qualified elector of the precinct and has not voted in person, shall deliver the ballot to the poll clerks, who shall write their initials thereon; that the ballot will thereupon be deposited in the ballot box, after notifying the challengers so that the vote may be challenged as provided for in the next section. It will be noted that the section provides that the inspector *shall* do the things referred to, and not that he *may* do so if there is time while the polls are open.

It was the clear intention of the legislature that absent voters' ballots, delivered to the inspector in con-

formity with the statute, must be considered, and that if the statute has been complied with and the voters would be entitled to vote in person, they must be voted. Once they are delivered inside of the voting place, they must be treated in the same manner as a voter who appears in person and is inside the voting booth at the time the polls are closed. Such a voter is permitted to complete his ballot and have it deposited in the ballot box and counted. The same rule must apply to an absent voter's ballot which is delivered to the election inspector at the proper time.

A failure to open the envelopes containing these absent voters' ballots, and to vote them after an opportunity for challenge, constituted an irregularity or malconduct of the election officers. Any candidate for whom such a ballot was marked was entitled to have it voted, and, if in all respects regular, to have it counted for him. When it was made to appear to the court upon the trial of this case that the absent voters' ballots were not taken from the envelopes and voted, and that they were not counted for the candidates for whom they were voted, it was the duty of the court to open and examine said ballots, and to count them for the candidate for whom they were voted if they were legal ballots. The party objecting thereto had the right, at the time they were submitted to the court, to object to the ballot for any reason that would have been available as a cause for challenge if the ballot had been offered at the election polling place. Such an objection would be just as efficient as a challenge in preventing the counting of the ballot because of any lack of qualification of the voter, or irregularity in presenting the ballot, and upon the ballot being offered to be counted there was available as an objection to the counting thereof any objection that might have been urged to its being counted by the election board upon the can-

vass of the ballots. When these ballots were opened in court, the court required them to be deposited in a ballot box set up in the court room. The object, no doubt, was the preservation of the secrecy of the ballot. This was not improper, nor is it pointed out in what manner it may have prejudiced the rights of appellant.

Notwithstanding the certificate of the judge and the reporter that the bill of exceptions contains all of the evidence introduced at the trial, it is obvious from the recitals in the bill of exceptions itself that it does not contain all of the evidence. Appellee's (plaintiff's) exhibits numbered 1, 2, 3, 4, and 67 are missing. These exhibits were admitted in evidence, and among them were the packages containing the ballots voted and counted for the respective parties by the election boards and returned by them to the clerk's office. These ballots are shown to have been counted by the court without any objection on the ground that the ones counted for appellee were not legal ballots, legally marked, and voted for appellee. None of these ballots are in the bill of exceptions. The ballots voted and counted for the respective parties by the election boards, and counted by the court as above indicated, total 331 for appellee and 294 for appellant, a majority of 37 for appellee. This result is inconsistent with the result of the election as certified by the election officers, and failure to correctly count these ballots constitutes an irregularity or malconduct on their part, either inadvertent or intentional.

More than 60 absent voters' ballots were offered in evidence and deposited in a ballot box by the court. Appellant objected and excepted to the introduction of the application and the affidavit accompanying each absent voter's ballot. The applications and affidavits are in the bill of exceptions, but the ballots are not. Of these 60 ballots, the court

counted 40, 37 of which were for appellee and three for appellant. It may be conceded for the purpose of the case that all of the absent voters' ballots were erroneously admitted except the three shown to have been counted for appellant, and, disregarding them, appellee would still have a majority of 34 votes, and, therefore, appellant is not harmed by the conceded error if the other votes were properly admitted in evidence and properly counted.

Appellant's objection, and only objection, to the introduction of the packages containing the ballots voted and counted by the election boards for the respective parties, was that the packages were not shown to have been placed in a proper receptacle supplied with two locks, the key to one of which was retained by the clerk and the other by the member of the board of canvassers of opposite politics, as provided by statute, but that said packages had been deposited loosely in the vault of the clerk's office in an envelope tied with a string; that opportunity had been had by various persons to interfere with, open, inspect, and change the ballots, and that it was not definitely and positively proven by the clerk that the packages were in the same condition as when delivered to him by the inspectors. The clerk testified that the packages were delivered to him by the inspectors; that he had kept them in the vault in his office since that time; that they were in the same condition as when delivered by the inspectors; that other persons had been permitted in the vault in his office where the packages were; that they were tied with a string, and, if they were ever opened, the packages were retied in the same way.

There was no evidence of any kind that the ballots had been tampered with, mutilated or changed, or that they had been improperly counted, or that the number of counted ballots did not correspond with the number

shown by the returns or other records to have been counted by the election boards.

The court admitted the packages in evidence upon the evidence of the clerk, and we fail to find any evidence upon which the court might have properly refused to admit them. The fact that the election boards failed to perform their duty and comply with the statute respecting the manner of container in which the counted ballots were returned, does not deprive the court of the right to examine the ballots. The evidence of the clerk was sufficient to show prima facie that the packages contained the ballots voted and counted. If the number of ballots in the packages did not correspond with the number counted by the election boards, evidence of that fact was presumably available and might have been introduced by appellant, but no such evidence was offered. It is true the clerk testified that he could not say positively that no one had access to the ballots, or had changed or otherwise tampered with them, but he must have testified to the same effect had they been double-locked as provided by statute. In such case there might have been duplicate keys.

> "The primary object of an election contest is to determine who received the highest number of legal votes. Any question as to the care and custody of that which is evidence of the vote cast, goes rather to the weight of the evidence than to its admissibility." *Kensinger* v. *Schaal* (1922), 192 Ind. 307, 310, 135 N. E. 331.
> "In the absence of any specific evidence as to their having been tampered with, we are bound to presume that they have been honestly preserved as they came from the hands of the inspectors." *State ex rel.* v. *Thornburg* (1912), 177 Ind. 178, 186, 97 N. E. 534.

In the absence of evidence to the contrary, it must be presumed that the election boards counted all of the bal-

lots offered, or that any that were not counted were not legal ballots; and, in the absence of any showing to the contrary, it must be presumed that the ballots in the packages, and which were counted by the court, were all legal ballots and that they were counted by the court for the person for whom they were voted, and that the persons voting the ballots were legal and qualified voters. Insofar as we are able to ascertain from the incomplete bill of exceptions, all of the ballots cast for either party and counted by the election boards were introduced in evidence and counted by the court. This disposes of appellant's contention that appellee was required to introduce all of the ballots voted for each party, and that he failed to do so.

Appellant contends that the ballots themselves were not identified as exhibits, but it is not shown that at the trial he asked that they be identified separately from the package in which they were contained, or objected to their being considered or counted by the court upon that ground; nor is it shown that he objected to the counting or consideration of the individual ballots upon the ground that they had not been voted by qualified voters, or legally marked, or voted for the person for whom they were counted; nor is it shown that he made any effort to in any manner bring the ballots into the record by bill of exceptions or otherwise. We must presume that evidence considered by the court, and not brought into the bill of exceptions, was legal evidence properly considered.

If the objections of appellant to any or all of the absent voters' ballots had been sustained, the decision of the court and the judgment must have been the same, and it must follow that if the admission of any or all of the absent voters' ballots was erroneous, it could not have been prejudicial to the

rights of appellant, and that a correct result was reached upon unchallenged evidence.

Judgment affirmed.