Robert A. MARDEN et al.

v.

**CITY OF WATERVILLE.**

Supreme Judicial Court of Maine.

Feb. 13, 1967.

Morton A. Brody, Donald H. Marden, Waterville, for appellant.

Burton G. Shiro, Waterville, for appellees.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, RUDMAN and DUFRESNE, JJ.

WILLIAMSON, Chief Justice.

This is a complaint by 29 absentee voters against the City of Waterville arising from the failure of the City Clerk to deliver 34 absentee ballots, including the ballots of the complainants, to the election wardens for inclusion in the ballots cast for Mayor at the municipal election on December 5, 1965. 21 M.R.S.A. §§ 1251–1262 inclusive.

The facts are not in dispute. The 34 absentee ballots in proper form were timely delivered to the City Clerk prior to the election. The voter in each instance fully completed his part in the elective process. Nothing remained for him to do to make valid his absentee ballot.

The 34 ballots were mislaid in the office of the City Clerk and were not discovered until December 20, 1965. There is not the slightest suggestion of fraud or other improper conduct on the part of the City Clerk or his office staff, or anyone else in the matter.

On the election returns the winning candidate for Mayor had a majority of 16 votes. Thus the 34 ballots in question, had they been processed under the statute and counted, might have changed the result of the election. The ballots not having been examined, it is obviously impossible to know

whether or not in fact the result would have been so changed.

On the strength of the election returns based upon the votes cast and counted by the election officials in the several wards, the winning candidate has taken and assumed the office of Mayor. The losing candidate, so far as the record shows, has at no time chosen to contest the election.

The statutes specifically provide for such a contest commencing with a complaint by the claimant in the Superior Court. 30 M.R.S.A. § 2252 reads as follows:

*"Title to municipal office.*

A person who claims to have been elected to any municipal office may proceed against another who claims title to the office within 15 days after election day by following the procedure outlined in Title 21, section 1212."

The plaintiffs have properly stated that this is not a contested election case. They seek a declaratory judgment with an order that the 34 ballots "be opened and counted and included in the city election results"; that the Court establish procedures to this end; and that the Court determine rules and procedures should the results of the count affect the validity of the office of Mayor.

The Court below held that the duty of the City Clerk was to deliver the ballots to the election wardens for processing under the statute (21 M.R.S.A. §§ 1251–1262 inclusive) and there left the matter. Thus the Court ordered in substance that, assuming all statutory conditions with reference to the validity of the ballots were met, the wardens should proceed under 21 M.R.S.A. § 1259, sub. 6, which reads:

*"Ballots counted.* As soon as the absentee ballots have been processed, they shall be removed from the ballot box and counted the same as regular ballots. Rejected ballots must not be counted."

We are of the view that the plaintiffs are without standing to seek a declaratory judgment or an order or judgment as here obtained affecting the conduct of the election with the possibility of a change in the result. In substance, although plaintiffs say otherwise, they are contesting the title of the incumbent Mayor. This they seek to do by reopening the polls that the 34 voters disenfranchised by error may participate in the election.

The right to contest the office of Mayor now held on the face of election returns lies only in the defeated candidate. The loser is the person and the only person with standing under the contested election statute, supra. In the absence of action by him, his opponent, the declared winner, remains the lawfully elected Mayor.

In Brown v. Grzeskowiak (1951), 230 Ind. 110, 101 N.E.2d 639, 102 N.E.2d 372, the Indiana Court stated persuasively the principles of law applicable to the facts of our case. The court said, 101 N.E.2d at page 654:

"Any qualified absent voter who returns his ballot to the (circuit court) clerk's office in time for it to be delivered to the voting place in the precinct before the polls are closed on election day, and has satisfied all the statutory requirements with which he must comply, is entitled to have his vote counted, and if because of the failure of the county clerk or any other election official to do his duty, such ballot is not delivered to the inspector of the precinct in time for it to be counted by the precinct election board it will be counted by the court in an election contest proceeding. McArtor v. State ex rel. Lewis, 1925, 196 Ind. 460, 148 N.E. 477, supra; Vincent v. Simms, 1934, 207 Ind. 47, 191 N.E. 150; Boone v. Smith, 1948, 225 Ind. 617, 77 N. E.2d 357; Wood v. Hartman, 1943, 381 Ill. 474, 45 N.E.2d 864, supra; McCrary on Elections, 4th Edition, § 261.

"To hold otherwise would be to open the door for an unscrupulous clerk to hold ab-

sent voters' ballots in his office beyond the time when they could be delivered to the precinct voting places and thereby disfranchise voters and control the results of an election."

*Brown,* it will be noted, is an *election contest case* in which the parties were candidates for office. Of the cases cited in the quotation above, *McArtor* was a proceeding in quo warranto to recover a town office and the others were election contests by defeated candidates. See also Anno: Absentee Voters' Laws—Effect, 97 A.L.R.2d 257, pp. 331 and 332. Neither *Brown* nor the other authorities involved the right of the voter disenfranchised by error to reopen the polls.

It is enough, in our view, that the defeated candidate was satisfied, with, or in any event, has not chosen to contest, the election of his opponent.

The entry will be

Appeal sustained.

MARDEN, J., not sitting.